IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 5 2019

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

| | |
|---|---|
| **ATLANTIC SPECIALTY INSURANCE COMPANY A/S/O ELLIS PROCESSING & MATERIAL HANDLING, LLC**<br>605 Highway 169 North<br>Suite 800<br>Plymouth, MN 55441<br>        Plaintiff<br><br>v.<br><br>**TERRAL RIVER SERVICES, INC.**<br>10100 Hwy 65S<br>Lake Providence, LA 71254<br>        Defendant | CIVIL ACTION<br><br>CASE NO: 4:19-cv-754-BSM<br><br><br><br>COMPLAINT<br><br><br><br>This case assigned to District Judge Miller<br>and to Magistrate Judge Ray |

## COMPLAINT

Plaintiff, by and through its attorneys, brings this Civil Action and by way of this Complaint against Defendant avers as follows:

### PARTIES

1. Plaintiff is an insurance company organized under the laws of the State of New York with a principal place of business at 605 Highway 169 North, Suite 800, Plymouth, MN 55441.

2. Upon information and belief, Defendant is a Louisiana corporation with a principal place of business at 10100 Hwy 65S, Lake Providence, LA 71254.

### JURISDICTION AND VENUE

3. Plaintiff is a citizen of New York and Minnesota. Upon information and belief, Defendant is a citizen of Louisiana.

4. There is complete diversity of citizenship between Plaintiff and Defendant.

5. The amount in controversy exceeds, exclusive of costs and interest, the sum specified by 28 U.S.C. §1332.

6. Jurisdiction is vested with this Court under 28 U.S.C. §1332.

7. Pursuant to 28 U.S.C. §1391, venue is proper within this District because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## GENERAL ALLEGATIONS

8. At all times relevant and material hereto, Ellis Processing & Material Handling, LLC ("Ellis") owned a residential duplex property located at 5367 N. County Road 909, Blytheville, AR, 72315 ("Property").

9. Prior to November 24, 2018, Plaintiff, an insurance company, insured the Property.

10. Upon information and belief, Defendant is in the business of, *inter alia*, operating river boats and barges on the Mississippi River and Defendant needed to temporarily house its employees between shifts.

11. Therefore, prior to November 24, 2018, Defendant leased the Property from Ellis to temporary house its employees.

12. Upon information and belief, on November 24, 2018, Steven Smith ("Smith"), an employee of Defendant who had just returned from his shift, decided to cook a meal in the kitchen at the Property.

13. At all times relevant and material hereto, Smith owed a duty to the owner of the Property to exercise reasonable care when cooking.

14. Upon information and belief, Smith negligently failed to turn off the stove after he was done cooking and/or left his cooking pot on the stove unattended while the stove was on.

15. As a result of said negligent cooking, a fire started at the Property and the Property was completely destroyed.

16. In addition, an adjacent building, also owned by Ellis, sustained fire damage.

17. As a direct and proximate result of said negligence of Smith and the aforesaid fire incident, Ellis suffered and incurred losses and expenses in excess of $238,637.21.

18. Pursuant to the insurance policy issued by Plaintiff to Ellis, on account of said loss and damage, Plaintiff made payments to Ellis in the amount of $238,637.21.

## COUNT I – VICARIOUS LIABILITY

19. Plaintiff incorporates the allegations of all previous paragraphs hereof as though same were fully set forth at length herein.

20. Upon information and belief, at all times relevant and material hereto, Smith was acting within the course and scope of his employment with Defendant.

21. Therefore, Defendant is vicariously liable for the tortious conduct of Smith.

22. As a direct and proximate result of the aforesaid negligence of Smith and the aforesaid fire incident, Ellis suffered and incurred losses and expenses in excess of $238,637.21.

23. Pursuant to the insurance policy issued by Plaintiff to Ellis, on account of said loss and damage, Plaintiff made payments to Ellis in the amount of $238,637.21.

24. By virtue of the aforesaid payment, pursuant to the aforesaid insurance policy, and by operation of law, Plaintiff is subrogated to the rights of Ellis with regard to the damage as a result of said incident.

**WHEREFORE**, Plaintiff, as subrogee of Ellis, demands judgment in its favor and against Defendant in the amount of $238,637.21, together with interests, costs of suit, and any other relief this Honorable Court deems just and proper.

## COUNT II – NEGLIGENCE

25. Plaintiff incorporates the allegations of all previous paragraphs hereof as though same were fully set forth at length herein.

26. At all times relevant and material hereto, Defendant owed a duty to Ellis to properly pre-screen, select, hire, train, and instruct its employees who were staying at the Property to make sure those employees do not act in a careless manner and do not cause property damage.

27. Upon information and belief, the fire accident and the resulting damage occurred because of the following negligence and carelessness of Defendant:

(a) failing to pre-screen, select, hire, train, and instruct its employees with care; and

(b) allowing its employee to stay at the Property when Defendant knew of should have known that said employee had the propensity to act in a negligent and careless manner.

28. As a direct and proximate result of said negligence of Defendant and the aforesaid fire incident, Ellis suffered and incurred losses and expenses in excess of $238,637.21.

29. Pursuant to the insurance policy issued by Plaintiff to Ellis, on account of said loss and damage, Plaintiff made payments to Ellis in the amount of $238,637.21.

30. By virtue of the aforesaid payment, pursuant to the aforesaid insurance policy, and by operation of law, Plaintiff is subrogated to the rights of Ellis with regard to the damage as a result of said incident.

**WHEREFORE**, Plaintiff, as subrogee of Ellis, demands judgment in its favor and against Defendant in the amount of $238,637.21, together with interests, costs of suit, and any other relief this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED.

Dated: 10/15/19

Vlad Kushnir, Esq.
**VB KUSHNIR, LLC**
5 Neshaminy Interplex
Suite 205
Trevose, PA 19053
P: 800-673-1770
F: 888-470-2704
Email: vk@vbklaw.com

*Counsel for Plaintiff*